LEMUEL GILBERT *versus* NATHAN L. WOODBURY.

In an action by the manufacturer of an article against an officer for attaching and taking it as the property of another, where the plaintiff calls the debtor to prove that he had not purchased the article, and the defendant proves statements of the witness that he did purchase it, such declarations may discredit the witness, but are not competent to prove a sale by the plaintiff.

Where the remarks of a Judge, in his charge to the jury, are but the expression of an opinion upon the facts and testimony, they do not furnish ground for exceptions.

Where the whole testimony, if believed, will not in law establish a fact, the presiding Judge may express the legal effect of the testimony as matter of law.

The presiding Judge is not bound to give an instruction to the jury upon a mere speculative question of law, not relevant to the case on trial.

A new trial will not be granted on account of newly discovered evidence, where the motion does not state what the newly discovered evidence is, or where the same testimony was before the Court and the jury at the trial.

A verdict will not be set aside because the damages are *excessive*, where they appear to have been assessed neither at the highest nor the lowest estimate of the witnesses, and there is nothing indicating that the jury must have acted under the influence of passion or some undue bias upon their minds.

THIS was an action of trespass, for taking a piano of the plaintiff's, against the defendant as sheriff of Cumberland,

the act having been done by his deputy, who justified the taking by virtue of a writ against John S. Dunlap, keeper of the Cumberland house, in Portland, alleging that the piano was Dunlap's property at the time of the attachment.

The character of the evidence in the case may be sufficiently understood from the instructions given, and requests made for instruction at the trial, and from the opinion of the Court.

The trial was before WHITMAN C. J. who instructed the jury among other things, that it seemed to be admitted that the plaintiff was the manufacturer and once the owner of the piano; that if there was any sale of it by him to Townley or Dunlap, the defendant must make it out by legal evidence; that the declarations of Townley and Dunlap not under oath were no evidence of this, and could have no effect other than to discredit their testimony; and that the plaintiff's rights could not be otherwise affected by such statements; that the jury must judge whether from the evidence in the case there was any pretence of a sale by the plaintiff; and that if the testimony of Dunlap and Townley was out of the case and not worthy of credit, they still had Bolles' testimony and the entries in the plaintiff's books from which they might judge whether there was or not a sale of the piano; but that the counsel for the defendant admitted that Dunlap's general character for truth and veracity was unimpeachable, contending however that his difficulties and perplexities, and conduct in relation to the piano, were such that reliance could not be placed upon his testimony in this case.

The defendant's counsel requested the Judge to instruct the jury that if the piano was sent by Gilbert to Dunlap on trial for three or four months, and that he had the election to pay a given sum for it or return it at the expiration of that time, the property in it passed to Dunlap, and it was subject to attachment for his debts. But the Judge instructed them, that this question did not arise in the case, as the piano never came actually into Dunlap's possession, and declined to give the instructions requested.

The defendant's counsel also requested the Judge to instruct

the jury, that if they should discredit Townley and Dunlap, and find that the plaintiff sent the piano to Dunlap, and that he undertook to exercise acts of ownership over it, such acts were *prima facie* evidence of title in him. But the Judge instructed the jury, that the evidence did not warrant the instruction and declined to give it.

The Judge further instructed the jury that there was not evidence to prove that Townley had any authority as consignee or agent of the plaintiff to sell this piano to Dunlap, or that he had any right to dispose of it in payment of his own old debts. The jury returned a verdict for the plaintiff, and the defendant filed exceptions, and also filed a motion for a new trial, because the verdict was against law and evidence, and because the damages were excessive; and another motion to set aside on account of newly discovered evidence.

*Codman & Fox*, for the defendant, contended, that the declarations of Townley and Dunlap, the plaintiff's own witnesses, accompanied their acts, and ought to have been permitted to have their full effect.

They also insisted that the Judge erred both in refusing to give the instructions requested, and in giving such as he did. They cited *Buswell* v. *Bicknell*, 17. Maine R. 344; *Perkins* v. *Douglass*, 20 Maine R. 317; *Fairbanks* v. *Phelps*, 22 Pick. 535.

In the argument of the motion for a new trial, they cited *Leighton* v. *Stevens*, 19 Maine R. 154; *Lunt* v. *Brown*, 13 Maine R. 236; *Dearborn* v. *Turner*, 16 Maine R. 17; *Vincent* v. *Cornell*, 13 Pick. 294; *Smith* v. *Dennie*, 6 Pick. 262.

*A. Haines*, for the plaintiff, said that the proof of the statements made by Townley and Dunlap, when they were not under oath, was only admissible to discredit their testimony, but could prove nothing. 1 Stark. Ev. 210.

The expression of an opinion in relation to the evidence by the Judge is not a matter for exceptions. *McDonald* v. *Trafton*, 15 Maine R. 225; *Phillips* v. *Kingfield*, 19 Maine R. 375; *Ellis* v. *Jameson*, 17 Maine R. 235.

The instructions requested, and not given, were not relevant

Gilbert *v.* Woodbury.

to the facts proved in the case, and were properly declined. The Judge is not obliged to give instructions upon a mere hypothetical case ; and indeed they should not be given, because they would have a tendency to lead the jury into error. *Comm.* v. *Child,* 10 Pick. 252; *Smith* v. *Cudworth,* 24 Pick. 196; *Ayer* v. *Austin,* 6 Pick. 225.

The opinion of the Court was drawn up by

SHEPLEY J. — This case is presented on exceptions to the instructions and omissions to instruct by the Judge presiding at the trial. The first instruction which is the subject of complaint, was " that it seemed to be admitted, that the plaintiff was the manufacturer and once the owner of the piano, that if there was any sale of it by him to Townley or Dunlap, the defendant must make it out by legal evidence ; and that the declarations of Townley and Dunlap, not under oath, were no evidence of this, and could have no effect other than to discredit their testimony." The declarations of the alleged purchaser, that he was the owner, could not deprive the plaintiff of his property, or have any influence upon his rights. When he was called by the plaintiff to prove, that he had not purchased the instrument, they might destroy his testimony, but would not prove a sale by the plaintiff. The same rule would apply to the declarations of Townley, unless there was proof, that he was the agent of the plaintiff to make sale of the instrument ; and the testimony does not establish that fact. He appears to have been allowed a large commission on the sale of other instruments, not as the selling agent of the plaintiff, who made the sales himself, but for recommending the instruments and finding purchasers. In remarks accompanying these instructions the jury were informed, that they "must judge, whether from the evidence in the case there was any pretence of a sale by the plaintiff; and other indications were exhibited of an opinion, that there was no satisfactory proof of it. These remarks were but the expression of an opinion upon the facts and testimony; and they were not liable to exception. It has

been already stated, that the second instruction, "that there was not evidence to prove, that Townley had any authority as consignee or agent of the plaintiff to sell this piano to Dunlap," was justified by the testimony presented in the case. Nor was this instruction liable to objection as withdrawing the consideration of the facts from the jury. For where the whole testimony, if believed, would not in law establish an agency or consignment; the Judge might be required to express the legal effect of the testimony as matter of law. The requested instructions were properly refused. As stated by the Judge the question did not properly arise in the case. There does not appear to be any testimony tending to prove, that "Dunlap had the election to pay a given sum for it, or return it." Whatever testimony there is in the case has a tendency to prove, that it was sold to Dunlap, or that it was sent to him without any contract of sale, conditional or otherwise, merely on trial. Whether the reason assigned, why the question did not arise, be satisfactory or not is immaterial.

A motion was filed for a new trial on the ground, that the verdict was against law and against the weight of evidence. And under it, the counsel for the defendant alleges, that the plaintiff could not maintain the action, because he had neither the possession nor the right of possession. And he relies upon the case of *Fairbanks* v. *Phelps*, 22 Pick. 535. In that case the purchaser of the wagon was "to take it and use it and whenever he should pay the sum of \$80 the wagon should become his property, but that if he did not pay for it, he should pay for the use of it; that no time of payment was agreed upon." And it was decided, that he was entitled to retain the wagon until the purchase money or the wagon was demanded. In this case, if there was no absolute sale, Dunlap was to receive it on trial for an indefinite time to be determined at the pleasure of either party. The instrument never came into the possession of Dunlap, and even if it had, the demand made of the attaching officer for a delivery of it before the suit was brought was sufficient to determine all such rights and entitle the plaintiff to have immediate possession. There is

no sufficient ground for setting aside the verdict as against the weight of evidence.

Another motion has since been filed to set aside the verdict and grant a new trial on account of newly discovered testimony. There are two insuperable objections to it. The first is, that the motion does not state, what the newly discovered testimony was; and to allow it to have any effect upon the verdict would be to deprive the other party of all opportunity to come prepared to rebut or disprove it. The second is, that the same testimony was before the Court and jury at the trial. It consisted of an entry on a memorandum book made by the clerk of the plaintiff; and that entry and book and the testimony of the clerk in relation to it were in the case at the time of the trial; and they remain in the same state. It is now alleged, that by means of a magnifier, there may be discovered evidence, that there was an original entry of a sale, which had been erased and a different entry made. All this might have been as readily discovered before the case was committed to the jury as since; and it cannot therefore be regarded in the legal sense of the term as newly discovered testimony. If it were made clearly to appear, however, that such an entry had been originally made and erased or altered and a different entry substituted, the Court might feel bound in the exercise of its discretion to set aside the verdict and grant a new trial. In this case however an examination of the book does no more than raise a suspicion, that there might have been some erasure, or entry of other words in addition to the original entry. And the Court cannot properly act upon such a suspicion, especially when there has been no opportunity afforded for an explanation of the suspicious appearances by the person, who made the entry. It may be, that those appearances would have been satisfactorily explained, or that if not so explained, they would have proved to have been different from the allegations of defendant's counsel and consistent with the right of the plaintiff to maintain this suit.

The Court would not be authorized to set aside the verdict because the damages assessed by the jury were excessive.

They do not appear to have been assessed at the highest or lowest estimate of the witnesses, and there is nothing indicating, that the jury must have acted under the influence of passion or some undue bias upon their minds; and in such cases only, would the Court feel authorized to set aside their verdict because excessive damages were assessed.

*Exceptions and motions overruled.*